Treat, Justice, delivered the opinion of the court: Hoffman instituted an action against Wight & Jackson in the Jo Daviess circuit court. The declaration was in assumpsit on a promissory-note made by the defendants as partners. Process was served on both of the defendants. Wight pleaded non assumpsit. At the October term, 1839, the default of Jackson was entered and final judgment rendered against him for $799.20. The cause as to Wight was continued till the June term, 1841, when judgment was rendered against him for $871.81. The rendition of those j udgments is assigned for error. The decision of the court in rendering final judgment against Jackson before disposing of the defence made by Wight was manifestly erroneous. It should have suspended all proceedings as to Jackson, after the entering of his default, until the trial of the issue tendered by his co-defendant. On the trial of that issue the court might have directed the jury to assess the plaintiff’s damages as to both of the defendants and have rendered a joint judgment on the assessment. This is one of those cases in which the plaintiff must recover from all of the defendants or none. The judgment must be joint and not several. The judgments were therefore improperly and erroneously rendered, and both must be reversed. See the case of Wight et al. v. Meredith et al., decided at this term, and the authorities there referred to. Ante 301. The [*363] cause will be remanded, that a proper judgment may be rendered in the circuit court. The judgments of the circuit court rendered in this case are reversed with costs, and the cause remanded for further proceedings. Judgment reversed.